Receipt number AUSFCC-10660075

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Jennifer Urbanowski and Robert Lee,**

        **Plaintiffs,**

v.

**The United States of America, United States Department of the Navy, and United States Naval Criminal Investigative Service,**

        **Defendants.**

**25-1374C**

## COMPLAINT

COMES NOW Plaintiffs, Jennifer Urbanowski and Robert Lee, ("Plaintiffs"), and files their Complaint against Defendants, the United States of America, United States Department of the Navy, and United States Naval Criminal Investigative Service ("Defendants"), for declaratory relief and monetary damages pursuant to 28 U.S.C. §§ 2201, 2202 and 1491 and 5 U.S.C. §§ 5545a, as follows:

## PARTIES

1. Plaintiffs, as set forth in the caption of the instant action, are currently employees of the United States Naval Criminal Investigative Service ("NCIS").

2. Each Plaintiff is employed as General Schedule, 1811 classified Criminal Investigators.

3. Defendants, the United States of America, acting through the Department of the Navy, and NCIS, is the employer of Plaintiffs within the six years preceding the filing of the instant action with responsibility to compensate Plaintiffs in accordance with the laws and regulations of the United States.

1

## JURISDICTION

4.  Jurisdiction is proper in this Court under 28 U.S.C. § 1491, 1346(a)(2), 5 U.S.C. § 5596 and 28 U.S.C. § 2501.

## FACTS

5.  On or about January 28, 2025, the Office of Personnel Management ("OPM") circulated a memorandum to all Defendants' employees ("Fork in the Road Memo") (Exhibit A), offering each of them a voluntary deferred resignation option. The offer states that those employees who accept the offer will "retain all pay and benefits by the Defendants, regardless of [the employee's] daily workload" and exempts each employee from all applicable in-person work requirements until September 30, 2025, or earlier if they choose to accelerate the resignation date for any reason ("Deferred Resignation Program").

6.  Each Plaintiff opted to participate in the Deferred Resignation Program by signing a Deferred Resignation Agreement.

7.  Each Plaintiff was placed on paid administrative leave pursuant to the Deferred Resignation Program.

8.  Under the Law Enforcement Availability Pay Act of 1994 (LEAPA), codified at 5 U.S.C. § 5545a, criminal investigators, such as Plaintiffs are authorized law enforcement availability pay ("LEAP"), a premium pay equal to 25% of the rate of basic pay for the position, to ensure their availability for unscheduled duty in excess of a 40 hour workweek, based on the needs of the employing agency.  5 U.S.C. § 5545a(b).

9.  Despite the mandate of the Fork in the Road Memo, that those employees who participate in the Deferred Resignation Program would continue to receive all "pay and benefits" regardless of a participant's "daily workload," which included LEAP, while on administrative leave, the Defendants unilaterally terminated the payment of LEAP, based on a determination that there

would not be a sufficient amount of work, or the Plaintiffs were unavailable for overtime work, while each Plaintiff was on non-duty, paid administrative leave, to justify the continued payment of LEAP.

10.     This unilateral determination to terminate LEAP violated the Fork in the Road Memo as well as the LEAP mandate of § 5545a.  At the time the Fork in the Road Memo promised that all pay and benefits would be paid to Plaintiffs "regardless of workload," the Defendants were well aware that each Plaintiff was receiving LEAP.

11.     Pursuant to 5 U.S.C. § 5548(a), Congress authorized OPM to prescribe regulations necessary for the administration of Subchapter V, Premium Pay, which encompasses § 5545a. Pursuant to that statutory authority, OPM has promulgated regulations governing the administration of LEAP.  See 5 C.F.R. § 550.181-.187.  In those regulations, OPM set forth two specific circumstances under which an agency may deny the payment of LEAP: (1) when an investigator has failed to perform unscheduled duty as assigned or reported, or (2) when an investigator is unable to perform unscheduled duty for an extended period due to physical or health reasons.  5 C.F.R. § 550.184(d).

12.     LEAP is a guaranteed, uniformly applied form of compensation.  H.R. Conf. Rep. No. 103-729 at 56 (1994).

13.     Moreover, the author of the legislation, former Senator Dennis DeConcini, the then-Chairman of the Senate Subcommittee on Treasury, Postal Service, and General Government, provided a statement that appeared in the Congressional Record on November 30, 1994, "to express in clear terms the intent of the LEAP legislation."  On the issue of the termination of LEAP, Senator DeConcini explained that it was not the intent of Congress to provide to management the right to arbitrarily remove the compensation from an employee, that termination should result from an investigator's refusal or unwillingness to work unscheduled duty, poor

performance and low productivity together with a deficiency in unscheduled duty hours, that common sense should apply, and that managers should be well aware of the performance, attitude and efforts of their personnel and not base a denied certification solely on the accrual of hours. 140 Cong. Rec. S15266-01 (daily ed. Nov. 30, 1994).

14. This legislative history supports a finding that Congress intended that LEAP would be the basis for providing guaranteed compensation to covered employees and that agencies would be able to involuntarily terminate employees' entitlement to LEAP only for inability or unwillingness to perform the unscheduled duty that is a fundamental part of a position that is subject to LEAP.

15. In the Federal Register notice accompanying its issuance of the interim LEAP regulations, OPM referred to the possibility of an agency's not providing availability pay to otherwise qualified criminal investigators as occurring "under several narrow exceptions." 59 Fed. Reg. 66, 150 (Dec. 23, 1994). OPM indicated that the provision that an agency may suspend payment of availability pay when it determines that an investigator has not been performing the required amount of unscheduled duty as assigned or reported reflects the intent of Congress that agencies would have the prerogative to remove availability pay if an investigator avoids work or availability, and that, in addition, availability pay may be suspended if an investigator is in a duty status but unable to perform unscheduled duty for an extended period due to physical or health limitations. *Id*.

16. Based on the plain text of the statute, its regulations, as well as the legislative history of LEAPA, the Defendants could only terminate the Plaintiffs' LEAP for the reasons provided at 5 C.F.R.§ 550.184(d), which do not include agency approved administrative leave.

17. Because the Defendants did not terminate Plaintiffs' LEAP for an authorized reason under OPM's regulations, the Defendants have violated the LEAPA by not paying LEAP to each Plaintiff who participated in the Deferred Resignation Program.

18. The Defendants also violated the Fork in the Road Memo by not paying LEAP, "regardless of [each Plaintiff's] daily workload," rendering the claim by the Defendants that, by virtue of administrative leave, the Plaintiffs are unavailable to perform unscheduled overtime, an unauthorized basis to deny LEAP.

19. The unilateral requirement imposed by the Defendants on each Plaintiff to waive the payment of LEAP, as a condition to participate in the Deferred Resignation Program, is an unlawful, unauthorized condition in direct violation of LEAPA and the Fork in the Road Memo.

## CAUSE OF ACTION FOR PAYMENT OF LEAP AND BACK PAY

20. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-19.

21. Plaintiffs are each entitled to the payment of LEAP while on administrative leave, pursuant to their participation in the Deferred Resignation Program.

22. Finally, Plaintiffs are entitled to an award of interest on the LEAP, as well as attorneys fees.

**WHEREFORE**, Plaintiffs pray that:

1. the Court issue a judgment declaratory that Plaintiffs are entitled to LEAP while on administrative leave pursuant to the Deferred Resignation Program under 5 U.S.C. § 5545a, as well as the Fork in the Road Memo;

2. the Court enter a judgment declaring that Defendants have violated their statutory obligations and deprived each Plaintiff of their rights, protections and entitlements under law;

3. they be awarded the LEAP prospectively and backpay, and contributions to their Retirement Plans to which they are entitled;

4. they be awarded attorneys' fees in bringing the instant action to give effect to their rights under the laws of the United States;

5. they be awarded interest on the additional compensation to which they are entitled;

6. they be awarded all costs in bringing the instant action;

7. for all other relief as deemed just and proper by the Court; and

8. a trial be had by jury on all issues presented herein.

RESPECTFULLY SUBMITTED, this 18th day of August 2025.

*Lawrence Berger*

Lawrence Berger
Attorney for the Plaintiffs

Berger & Deplas P.C.
70 Glen Street, Suite 395
Glen Cove, NY 11542
Tel: 516-671-2688
Fax: 516-671-1148
EMail: lberger@lbfedlaw.com